15-2579
*H.B. v. Byram Hills Central Sch. Dist.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand sixteen.

PRESENT:
> JOHN M. WALKER, JR.,
> GUIDO CALABRESI,
> PETER W. HALL,
> > *Circuit Judges*.

———————————————————————

H.B., INDIVIDUALLY AND O/B/O B.B., T.B.,
INDIVIDUALLY AND O/B/O B.B.,

> *Plaintiffs-Appellants*,

> v.                                                                            No. 15-2579

BYRAM HILLS CENTRAL SCHOOL DISTRICT,
NEW YORK STATE DEPARTMENT OF EDUCATION,
MARYELLEN ELIA, IN HER REPRESENTATIVE ROLE AS
COMMISSIONER OF EDUCATION FOR THE NEW YORK
STATE EDUCATION DEPARTMENT,

> *Defendants-Appellees*.[*]

———————————————————————

---

[*] The Clerk of Court is respectfully directed to amend the official caption to conform to the caption above.

For Plaintiffs-Appellants:                    PETER D. HOFFMAN, Law Office of Peter D. Hoffman, PC, Katonah, NY.

For Byram Hills Central School District:      ANDREA GREEN, Bond Schoeneck & King PLLC, New York, NY.

For State Appellees:                          MARK H. SHAWHAN, Assistant Solicitor General (Anisha S. Dasgupta, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants appeal from a final judgment dismissing their action brought under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. We assume the parties' familiarity with the underlying facts and the procedural history of this case.

The IDEA "provides that potential plaintiffs with grievances related to the education of disabled children generally must exhaust their administrative remedies before filing suit in federal court." *Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478, 481 (2d Cir. 2002); *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 112 (2d Cir. 2004) ("It is well settled that the IDEA requires an aggrieved party to exhaust all administrative remedies before bringing a civil action in federal or state court."). The exhaustion requirement, however, "does not apply in situations in which exhaustion would be futile because administrative procedures do not provide adequate remedies." *Polera*, 288 F.3d at 488. In *Polera*, we observed that "the exhaustion requirement is predicated on Congress's belief . . . that the agencies themselves are in the optimal position to identify and correct their errors and to fine-tune the design of their

2

programs." *Id.* at 490; *see also Heldman v. Sobol*, 962 F.2d 148, 159 (2d Cir. 1992) (observing that the exhaustion requirement "prevents courts from undermining the administrative process and permits an agency to bring its expertise to bear on a problem as well as to correct its own mistakes"). Appellants "bear the burden of proof that exhaustion would be futile." *J.S.*, 386 F.3d at 112.

Appellants contend that exhaustion was futile because of the significant delays they experienced awaiting decision from an impartial hearing officer ("IHO"). While we acknowledge the lengthy delay, the fact remains that on August 20, 2014, Appellants and the Byram Hills School District ('the District") both agreed to extend the deadline for a decision by the IHO until October 6, 2014, so that the newly-appointed IHO would have time to review the record. Only two days after agreeing to this deadline, however, Appellants filed this lawsuit. While we have acknowledged that exhaustion may be futile if "administrative bodies persistently fail to render expeditious decisions as to a child's education placement," *Frutiger v. Hamilton Cent. Sch. Dist.*, 928 F.2d 68, 74 (2d Cir. 1991), as of the date this suit was filed, the wheels had been set in motion to resolve the delay that had occurred and to render a decision in the coming weeks. Moreover, the mutually agreed upon October deadline strongly suggested that a decision was imminent and that exhaustion, at least at that stage of proceedings, was not futile. Indeed, the IHO rendered a decision on October 15, 2014, less than two weeks after the agreed deadline. Under these circumstances, we agree with the district court that Appellants did not meet their burden to show that exhaustion would have been futile. *See J.S.*, 386 F.3d at 112.

In the proceedings below, Appellants sought declarations that, among other things, the New York State Education Department and the District did not comply with governing regulations and that they waived jurisdiction to render a decision. Appellants also requested an

3

injunction precluding non-lawyer IHOs from hearing cases on whether a student has received a free appropriate public education. They now challenge the district court's decisions that they lacked standing to seek declaratory and injunctive relief. We agree with the district court.

A plaintiff has the burden of establishing that he has standing to pursue his claims. *See Marcavage v. City of New York,* 689 F.3d 98, 103 (2d Cir. 2012) (citing *Raines v. Byrd,* 521 U.S. 811 (1997)); *see also Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992) (same). "To obtain *prospective* relief, such as a declaratory judgment or an injunction, a plaintiff must show, *inter alia,* 'a sufficient likelihood that he [or she] will again be wronged in a similar way.'" *Marcavage,* 689 F.3d at 103 (quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 111 (1983). "That is, a plaintiff must demonstrate a certainly impending future injury." *Id.* (internal quotation marks omitted).

Appellants have not shown a sufficient likelihood that they will request another hearing before an IHO and that the IHO will fail to issue a timely decision.[1] Indeed, the delay here is unlikely to recur because it was caused by a unique set of circumstances: an IHO's medical condition and the recusal of subsequent IHOs. It also bears noting that the IHO who caused the initial delay is no longer certified to be an IHO. In sum, Appellants cannot demonstrate a "certainly impending future injury." *Marcavage*, 689 F.3d at 103 (internal quotation marks omitted). Moreover, the requested declaratory relief is aimed at past conduct, a target that is impermissible. *See Ward v. Thomas*, 207 F.3d 114, 120 (2d Cir. 2000) (declaratory relief unavailable because "[a]ny declaration could say no more than that [the state] had violated federal law in the past"); *Am. Civil Liberties Union of Mass. v. U.S. Conference of Catholic*

---

[1] We note that Appellants have since exhausted their administrative remedies and have filed a new civil action in district court seeking review of the administrative decision at issue. *See H.B. and T.B. v. Byram Hills Cent. School Dist*., No. 15-cv-5742 (S.D.N.Y. filed July 22, 2015).

*Bishops,* 705 F.3d 44, 53 (1st Cir. 2013) ("With limited exceptions, not present here, issuance of a declaratory judgment deeming past conduct illegal is also not permissible as it would be merely advisory.").

As acknowledged by counsel at oral argument, Appellants' challenge to the denial of their request to amend their complaint is moot. The newly filed action in district court asserts the claims they sought to plead in their amended complaint. *See H.B. and T.B.*, No. 15-cv-5742 (S.D.N.Y. filed July 22, 2015).

We have considered all of Appellants' arguments and conclude that they are without merit. We therefore **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk